Edward J. Greenfield, J.
Petitio .er Donald B. Kanterman seeks an order quashing a subpoena dated March 30,1973, which was served upon him by the respondent Attorney-General of the State of New York pursuant to section 352 of article 23-A of the General Business Law (Martin Act), which in part provides for investigation by the Attorney-General of fraudulent practices in respe'et to stocks, bonds, qnd other securities. The subpoena in question directs the petitioner ‘ ‘ to testify " * * in regard to the practices of Kanterman Partners, and D. B. K. Partners, and Donald B. Kanterman and others in the issuance, -sale, profmotion negotiation, .advertisement, distribution or purchase of securities in and from the State of New York” and to produce certain books and papers.
Subdivision 1 of section 352 of the General Business Law provides in part: “Whenever it shall appear to the attorney- *744 general, either upon complaint or otherwise * * * that in the issuance, exchange, purchase, sale, promotion, negotiation, advertisement, investment advice or distribution within or from this state, of any .stocks, bonds, notes, evidences of interest or indebtedness or other securities # * * any person, partnership, corporation, company, trust or association * * * shall have employed, or employs, .or is about to employ any device, scheme or artifice to defraud or for obtaining money or property by means of any false pretense, representation or premise * * * .or shall have engaged in or engages in or is about to engage in any practice or transaction or course of business relating to the purchase, exchange, investment advice or sale of securities * * * .which is fraudulent or in violation of law * * * or that any other section of this article has been violated * * * or he believes it to be in the public interest that an investigation be made * * * (he) may make such special and independent investigations as he may deem necessary in connection with the matter.”
Subdivision 2 of section 352 .provides in part: “ The attorney-general * * * is empowered to subpoena witnesses, compel their attendance, examine them under oath # * * and require the production of any books or papers which he deems relevant or material to the inquiry. Such power of subpoena and examination shall not abate or terminate by reason of any action or proceeding brought by the attorney-general under this article.”
"When the petitioner initially appeared pursuant to the .subpoena now sought to be quashed, accompanied by his counsel, the following statement was addressed to him and his counsel by the Assistant Attorney-General in charge of the examination of the petitioner.
“ This examination is being conducted pursuant to Article 23-A of -the General Business Law of the State of New York. You are privileged to refuse to answer any questions put to you or from producing any books, paper's or other documents on the ground or for the reason that your answer or the documentary evidence may tend to incriminate or convict you of a crime. If you refuse to answer on either of the aforementioned grounds the Attorney General of New York is expressly authorized by statute, if he so desires, to direct you to answer such questions or produce such documents. If so directed, your answer o.r documentary evidence cannot be used against you in a criminal proceeding. Any willful misstatement of a material fact may constitute perjury under the law.
*745 “ You are hereby advised that these hearings are confidential. You cannot disclose any questions asked of you, or any answers given or the names of any -persons you saw here, to anyone. . To do so is a violation of Section 352, Subdivision 5 of Article 23-A of the General Business Law of the State of New York and may subject you to criminal prosecution.
“ Now I note that you are represented here today by counsel * * * and I hereby advise counsel that they may participate in this proceeding to the extent that they may advise their client as to the constitutional rights upon which I have already instructed all of you, and for no other reason.”
After this statement was read to the petitioner and his counsel the petitioner refused to submit to examination unless (1) he was provided with a full and complete transcript of his examination, and (2) his attorney was permitted to object, on any recognized basis, to any questions asked of the petitioner during the examination, rather than restricted to only advising the petitioner of his constitutional rights. The Attorney-General has not acceded to the two conditions formulated by the petitioner. Petitioner now seeks to quash the respondent’s subpoena claiming (1) the respondent’s refusal to provide him with a transcript -of the proceeding constitutes a deprivation of due process of law and a probable violation of section 73 of the Civil Rights Law which bears the heading “ Code of fair procedure for investigating agencies ”, and (2) the respondent’s effort to restrain the -extent-of his counsel’s participation in the proceeding denies him of his claimed right to effective counsel.
The petitioner has, however, failed to establish any right to a transcript of his examination. The right to such a transcript was considered in Sanborn v. Goldstein (118 N. Y. S. 2d 63, app. dsmd. 284 App. Div. 879), where the plaintiff sought (1) to restrain the Attorney-General from proceeding with an investigation, pursuant to article 23-A of the General Business Law, until the Attorney-General furnished him with a transcript of testimony he had given in" connection with that investigation, and (2) a mandatory injunction compelling the Attorney-General to supply him with a transcript of the testimony he had already given in connection with that investigation. In denying that application, the court noted: ‘' The premise upon which plaintiff' proceeds is that he has a legal right to have such transcript furnished to him. This is challenged by defendant, and I am in accord with the contention that plaintiff has no maintainable cause of action.
*746 ‘ ‘ The court has not been referred to any statutory provision or to any decisional law holding that plaintiff is entitled to, or that defendant, as Attorney-General, conducting such investigation, is required to supply plaintiff with a transcript of the proceedings, and in the absence thereof plaintiff has not shown that by such refusal any legal right which he purportedly possesses has been invaded or violated. ’ ’ (Sanborn v. Goldstein, supra, p. 64.) (See, also, Matter of Chinchilla Exch., N. Y. L. J., March 7, 1955 p. 7, col. 4.) While it is true that a defendant in a criminal proceeding is entitled as a matter of right to a transcript of certain preliminary hearings (People v. Zabrocky, 26 N Y 2d 530) that right does not extend to one subpoenaed to attend and give testimony at an investigative type hearing conducted by the Attorney-General.
The petitioner’s reliance on section 73 of the Civil Bights Law is also misplaced for that section by its own terms is not applicable to investigations conducted by the Attorney-General pursuant to article 23-A of the General Business Law (Civil Bights Law, § 73, subd. 1, par. [a]).
Begarding plaintiff’s claim that defendant is denying him Ms right to effective counsel, it is clear that the Attorney-General’s proceeding pursuant to article 23-A of the General Business Law is investigative rather than adjudicative in nature, and there is no constitutional right to the assistance of counsel in administrative proceedings which are purely investigatory rather than adjudicative in nature (Matter of Groban, 352 U. S. 330; Haaland v. Pomush, 263 Minn. 506; Ann. 33 ALR 3d 229, 246, § 5, subd. [b]). Even though it appears to be the practice of the Attorney-General to permit any witness to have counsel present during Martin Act investigations of fraudulent practices in respect to stock, bonds and other securities (Matter of Hentz & Co. v. Lefkowits, 22 A D 2d 475, mot. to dismiss app. den. 15 N Y 2d 958, affd. 16 N Y 2d 544), this does not mean that the Attorney-General may not properly circumscribe the role of counsel during the investigation. (Hannah v. Larche, 363 U. S. 420; Federal Communications Comm. v. Schreiber, 329 F. 2d 517.)
Accordingly, the petitioner has failed to demonstrate that the Attorney-General acted improperly in denying him a transcript of his testimony or in restricting his counsel to rendering advice concerning petitioner’s constitutional rights, and therefore the petitioner’s application is denied in all respects.