OPINION OF THE COURT
Oliver C. Sutton, J.
Defendants move for declaratory relief, pursuant to CPLR 3001 determining the rights of the parties in this action.
Plaintiff voluntarily appeared at an examination, held pursuant to article 23-A of the General Business Law (Martin Act) concerning the offering and sale of limited partnership interests in John Adams Partners Ltd. Plaintiff is affiliated with the offering firm, City Associates. He was accompanied by his attorney. At the commencement of the examination, the Assistant Attorney-General present read a formal statement to plaintiff advising him of his rights and duties under the law. Plaintiff through counsel then made a formal demand that he be permitted to have a record of the testimony, either through use of a tape recording device or through receipt of a copy of testimony taken by certified court reporter. The Assist *584 ant Attorney-General denied those requests, as well as a request for a copy of the formal statement read to plaintiff, but he permitted the taking of notes. Plaintiff and defendants agreed to suspend the investigatory examination of plaintiff pending a judicial resolution of the parties’ rights and duties.
In the complaint, a declaratory judgment is sought determining whether, under the circumstances presented: (i) defendants were required to provide plaintiff with a copy of the formal statement read to plaintiff; (ii) defendants were required to permit plaintiff to make a tape recording of the testimony of the witness; and (iii) defendants were required to permit plaintiff to have the testimony taken down verbatim by a certified court reporter and to be provided with a written transcript thereof. Plaintiff also seeks an injunction to effectuate compliance with the declaration. Defendants move for a declaratory judgment that plaintiff has failed to state a legal right to any of the relief sought, or in the alternative, for an order dismissing the complaint for failure to state a cause of action. Subdivision 5 of section 352 of the General Business Law mandates absolute secrecy during the course of all investigations conducted pursuant to article 23-A of the General Business Law (the constitutionality of article 23-A of the General Business Law has been upheld in Dunham v Ottinger, 243 NY 423). A hearing conducted under the Martin Act is investigatory and not adjudicative in nature (Matter of Kanterman v Attorney-General of the State of N. Y., 76 Misc 2d 743).
A witness at an examination conducted pursuant to section 352 of the General Business Law has no right to a transcript of his examination (Sanborn v Goldstein, 118 NYS2d 63, app dsmd 284 App Div 879). The Assistant Attorney-General clearly has the power under subdivision 5 of section 352 of the General Business Law to refuse a request to tape record this examination. As to the "warning” statement; a copy thereof has been attached to the present papers by the Attorney-General.
The parties’ rights are declared to be as follows: Defendants are not required to permit plaintiff to make a tape recording of the testimony of the witness and defendants are not required to permit plaintiff to have the testimony taken down verbatim by a certified court reporter.