OPINION OF THE COURT
Hancock, Jr., J.
When the Attorney-General conducts an examination pursuant to the Martin Act (General Business Law art 23-A), and proceeds specifically under General Business Law §§ 354 and 355, he is by express provision of the statute permitted to examine witnesses only before a Justice of the Supreme Court or a designated Referee. We reject the Attorney-General’s argument that the broad powers accorded him under General Business Law § 352 (investigation by Attorney-General) override the explicit requirements of sections 354 and 355.
The Attorney-General made an application pursuant to General Business Law §§ 354 and 355 for an order to examine witnesses allegedly involved in a fraudulent tax shelter scheme and for production of documents. Special Term denied appellants’ motion that the Attorney-General conduct the examination "before the justice of the supreme court or referee” designated in the order and that the witness transcripts be filed immediately. The Appellate Division affirmed, without opinion. We granted leave to appeal. For the reasons hereinafter stated, we conclude that the order should be modified and the motion granted to the extent of directing that the examination of witnesses be conducted before a Justice or Referee.
On April 11, 1984 the Attorney-General obtained an ex-parte "order to appear, be examined and to produce” pursuant to General Business Law § 354, naming 59 parties allegedly involved in promoting energy management systems as a fraudulent tax shelter scheme. Appellant First Energy Leasing Corporation (First Energy) is one of the promoters. James Marci is president and sole stockholder of First Energy. His wife, Virginia Marci, is a principal and member of the Board of Directors of Encon Enterprises, Inc., which supplies the energy management systems to First Energy. In addition to directing appellants to appear before "a Justice of this [Supreme] Court” to be examined under oath, the order also restrained them from conducting their business of selling securities consisting of investments in the equipment leasing of energy management systems. After several preliminary *62 proceedings, appellants refused to submit to examination except in the presence of a Justice of the Supreme Court or designated Referee and brought the instant motion.
General Business Law § 354 (examination of witnesses and preliminary injunction) provides, in pertinent part, as follows:
"Whenever the attorney-general has determined to commence an action under this article, he may present to any justice of the supreme court, before beginning such action, an application in writing for an order directing the person or persons mentioned in the application to appear before the justice of the supreme court or referee designated in such order and answer such questions as may be put to them or to any of them, or to produce such papers, documents and books concerning the alleged fraudulent practices to which the action which he has determined to bring relates, and it shall be the duty of the justice of the supreme court to whom such application for the order is made to grant such application * * * The order shall be granted by the justice of the supreme court to whom the application has been made with such preliminary injunction or stay as may appear to such such justice to be proper and expedient and shall specify the time when and place where the witnesses are required to appear. The justice or referee may adjourn such examination from time to time and witnesses must attend accordingly. The testimony of each witness must be subscribed by him and all must be filed in the office of the clerk of the county in which such order for examination is filed” (emphasis added).
In specific terms the statute requires that examinations be conducted in the presence of a Justice of the Supreme Court or a specifically designated Referee. General Business Law § 355, which sets forth the procedure to be followed in a hearing conducted pursuant to section 354, reconfirms the legislative mandate that a Supreme Court Justice or designated Referee preside over such witness examinations. Section 355 provides in relevant part:
"The order for such examinationtion must be signed by the justice making it and service of a copy thereof with an endorsement by the attorney-general signed by him or his deputy, to the effect that the person named therein is required to appear and be examined at the time and place and before the jus *63 tice or referee specified in such endorsement, shall be sufficient of witnesses” (emphasis added).
Despite the clear import of the foregoing statutory language, the Attorney-General finds legislative authority for an examination without judicial supervision in General Business Law § 352, which permits confidential investigations conducted under compulsion of subpoena. He points to the specific language in the last sentence of section 352 (2)[1] stating that "[s]uch power of subpoena and examination [granted under section 352] shall not abate or terminate by reason of any action or proceeding brought by the attorney-general under this article”, and he contends that by bringing a proceeding under section 354 he has not elected an exclusive remedy or abandoned his right to conduct an investigatorial examination under section 352. The argument, however, is totally beside the point because the Attorney-General has never purported to exercise his investigatorial powers under section 352. Neither the notice or order to appear nor any other papers in the record make reference to section 352. He is proceeding solely by the order granted pursuant to section 354.
The Attorney-General also argues that the last sentence of section 352 (2) in some way augments his powers to conduct examinations in a proceeding commenced under sections 354 and 355 and frees him from the requirement that witness examinations be conducted in the presence of a Supreme Court Justice or Referee. The argument is at odds with the import of that sentence. Its evident purpose is the safeguarding of the investigative "power of subpoena and examination” granted to the Attorney-General under section 352 — not the creation of new powers or expansion of existing powers granted under section 354 or any other section.[2]
Finally, the Attorney-General maintains that, for reasons of policy, the statute should not be read literally — i.e., that a strict construction would limit his broad statutory powers of investigation, increase expense and calendar congestion, and *64 frustrate the remedial purpose of the statute. We agree that the Martin Act should be liberally construed to give effect to its remedial purpose (see, All Seasons Resorts v Abrams, 68 NY2d 81, 86; People v Lexington Sixty-First Assoc., 38 NY2d 588, 595) and that the Legislature has conferred extensive powers on the Attorney-General under section 352 to conduct confidential investigations under compulsion of subpoena. However, these considerations give us no sanction to ignore the plain language of sections 354 and 355 and the significant substantive and procedural differences between section 352 and sections 354 and 355.
Section 352 confers broad investigatory powers on the Attorney-General for the purpose of anticipating and preempting illegal activities. The Attorney-General need not wait for the occurrence of fraudulent acts or practices before commencing a section 352 investigation (see, General Business Law art 23-A; Mihaly & Kaufmann, Practice Commentary, McKinney’s Cons Laws of NY, Book 19, General Business Law, p 20). He may, in his discretion, keep hearings conducted pursuant to section 352 confidential (see, § 352 [5]) in order to avoid unwarranted market reaction if information concerning investigations into particular securities or dealers is publicly disseminated (see, General Business Law art 23-A; Mihaly & Kaufmann, Practice Commentary, op. cit., p 21). Moreover, since a section 352 proceeding is investigative rather than adjudicative in nature, a witness subpoenaed to appear at such a hearing has no constitutional right to the assistance of counsel (see, Matter of Kanterman v Attorney-General, 76 Misc 2d 743, 746).
In contrast, an application made pursuant to sections 354 and 355 presupposes an official determination by the Attorney-General to commence an action under article 23-A. A section 354 witness examination may be conducted only pursuant to court order, a public document open to inspection. In addition, the Attorney-General may secure an ex-parte temporary restraining order under section 354 and effectively close a business pending examination of witnesses and inspection of corporate documents. It is apparent that the Legislature, in granting to the Attorney-General the extraordinary enforcement powers under section 354, found it appropriate to give the subjects of those proceedings the added protection of judicial supervision.
We find no merit in appellants’ contention that section *65 354 requires immediate filing of witness transcripts. We, therefore, agree that Special Term properly denied appellant Marci’s request to view the testimony of other witnesses prior to his own examination. While the language of section 354 mandates the subscribing and filing of a witness’s testimony,[3] nothing in the statute indicates that witness transcripts must be immediately filed as appellants contend. On the other hand, we reject Special Term’s holding that the intent of section 354 is to leave the time of compliance with the filing requirement entirely within the discretion of the Attorney-General. Implementation of this requirement must be left to the court to determine in its discretion, considering in each instance what is fair and appropriate under the circumstances.
Accordingly, the order of the Appellate Division should be modified, with costs to appellants, by granting appellants’ motion to compel examination before a Supreme Court Justice or Referee, and otherwise affirmed.
Chief Judge Wachtlek and Judges Meyer, Simons, Kaye, Alexander and Titone concur.
Order modified, with costs to appellants, in accordance with the opinion herein and, as so modified, affirmed.

. General Business Law § 352 (2) provides as follows: "The attorney-general, his deputy or other officer designated by him is empowered to subpoena witnesses, compel their attendance, examine them under oath before him or a magistrate, a court of record or a judge or justice thereof and require the production of any books or papers which he deems relevant or material to the inquiry. Such power of subpoena and examination shall not abate or terminate by reason of any action or proceeding brought by the attorney-general under this article” (emphasis added).

. That the last sentence of section 352 (2) is intended to apply only to powers granted to the Attorney-General under that section and — not to powers granted to him under other sections — is evidence from the language '[sjuch power of subpoena and examination [i.e., granted in section 352] shall not”.

. The last sentence of section 354 provides as follows: "The testimony of each witness must be subscribed by him and all must be filed in the office of the clerk of the county in which such order for examination is filed.”