OPINION OF THE COURT
Edward H. Lehner, J.
The issue presented on the motions before the court is whether a witness, subpoenaed by the Attorney-General in connection with an investigation as to whether there has been *1023 a misuse of funds of a charitable corporation, may refuse to testify unless promptly given a transcript of the testimony. The court finds that since the examination is of an investigatory nature, the witness may not condition his appearance on an agreement that he be so furnished a transcript.
Petitioner moves to enforce subpoenas issued in connection with the investigation of Alliance For Progress, Inc. (AFP), seeking the testimony of respondents Antonia Diaz and Luz Marie Diaz. Respondents cross-move to condition their compliance upon petitioner agreeing to provide transcripts of the examination simultaneously with receipt thereof by petitioner. (The additional request of respondents to quash the subpoenas was withdrawn at oral argument.) Petitioner rejects such condition because of concern that the testimony may then be tailored, and states that the transcripts will be made available to the witnesses only upon the conclusion of the investigation.
FACTS
The subpoenas were issued pursuant to an investigation of AFP, a not-for-profit corporation engaged in neighborhood development and rehabilitation projects in The Bronx. The individuals whose testimony is sought are the chairperson and former executive director of AFP. The investigation relates to whether State Senator Israel Ruiz (a founder of AFP) and officers of AFP "have derived financial benefits from their affiliation with” it.
CONTENTIONS OF THE PARTIES
Respondents contend that the investigation is brought pursuant to subdivision (8) of section 63 of the Executive Law, and consequently section 73 of the Civil Rights Law applies. Therefore, it is argued, since subdivision (4) of that section provides that a witness at a "public hearing” is entitled to receive a copy of his testimony, a witness at a "private hearing” should be accorded a similar right.
Petitioner contends that Civil Rights Law § 73 is not applicable to the instant investigation, and that the subpoenas in this case were authorized pursuant to: EPTL 8-1.4 (i); Executive Law § 63 (12); § 175 (2); and Not-For-Profit Corporation Law § 112 (b) (6).
DISCUSSION
The investigations to which Civil Rights Law § 73 is to be *1024 applied are enumerated in subdivision (1) (a) thereof, which includes investigations conducted by the Attorney-General only when directed by the Governor under subdivision (8) of section 63 of the Executive Law. Since the investigation herein was not brought at the instance of the Governor, Civil Rights Law § 73 is not applicable.
However, even if section 73 were applicable, it would not provide support for respondents’ position. With respect to testimony given other than at a public hearing, subdivision (4) of said section provides for the delivery of a transcript only when the testimony "becomes relevant in a criminal proceeding in which the witness is a defendant, or in any subsequent hearing in which the witness is summoned to testify”. Here the requested testimony is not to be given at a public hearing.
Each of the statutes relied upon by the Attorney-General grants the power to issue subpoenas and none of them condition compliance on a right to obtain transcripts, but no case has been found discussing this issue under these statutes.
It has been held, however, with respect to subpoenas issued by the Attorney-General in investigations under the Martin Act (General Business Law § 352 et seq.), that the witness is not entitled to a transcript of his testimony prior to the termination of the investigation. (Sanborn v Goldstein, 118 NYS2d 63 [Sup Ct, NY County 1952], mot to dismiss appeal granted 284 App Div 879; Matter of Kanterman v Attorney-General of State of N. Y., 76 Misc 2d 743 [Sup Ct, NY County 1973]; Gutterman v Lefkowitz, 92 Misc 2d 583 [Sup Ct, NY County 1977].)
As stated recently in Matter of First Energy Leasing Corp. v Attorney-General of State of N. Y. (68 NY2d 59, 64 [1986]), "Section 352 confers broad investigatory powers on the Attorney-General for the purpose of anticipating and preempting illegal activities.” The court distinguished investigations brought under section 352 (observing that in such situations "a witness subpoenaed to appear * * * has no constitutional right to * * * counsel” [supra, at 65]) from applications under section 354 which presuppose that the Attorney-General has already made an official determination to commence an action.
What must be determined is whether the statutes relied upon by the Attorney-General in this case warrant similar treatment.
Here, as in investigations conducted pursuant to General *1025 Business Law § 352, the proceeding is investigative rather than adjudicative. (See, Matter of Kanterman v Attorney-General of State of N. Y., supra, at 746.) Both contemplate a situation wherein the Attorney-General has not yet determined to commence an action. However, the subpoena power granted by both section 112 (b) (6) of the Not-For-Profit Corporation Law ("In connection with any such proposed action or special proceeding”) and section 175 (2) (e) of the Executive Law ("In connection with such proposed action”) presuppose a decision by the Attorney-General to bring the proceedings to the adjudicative stage. Similarly, the subpoena authorized by subdivision (12) of section 63 of the Executive Law goes beyond the investigative stage, as it may issue only in connection with a proposed application for an injunction. Thus, such statutory provisions are not relevant to this application.
The authorization for investigation found in EPTL 8-1.4 (i) is, however, sufficiently similar in both language and purpose to that of General Business Law § 352 to warrant similar treatment. Though the language of the EPTL section is not a mirror image of the General Business Law provision, particularly in that the failure to obey a subpoena under the former is punishable by contempt (EPTL 8-1.4 [k]), while under the latter it is a misdemeanor (General Business Law § 352 [4]), a comparison of EPTL 8-1.4 (i) through (k) with General Business Law § 352 (2) through (4) reveals a near congruence.
Unlike the other statutes relied upon by the Attorney-General, the EPTL provision, like the General Business Law section, contemplates a preaction, nonadjudicative investigation (see, EPTL 8-1.4 [m]). Moreover, it is apparent that the two statutes were intended to serve parallel purposes within their respective domains. Just as the General Business Law provisions are part of a remedial statute intended to afford the Attorney-General broad supervisory and investigatory powers over sales of securities, so too is the EPTL section with respect to the supervision and investigation of charitable corporations.
The rationale for denying transcripts of testimony to witnesses in Martin Act investigations is applicable to investigations conducted in furtherance of the Attorney-General’s supervisory powers over charitable corporations pursuant to EPTL 8-1.4 (i). Therefore respondents herein possess no right to the transcripts of their testimony.
*1026 Accordingly, petitioner’s motion to enforce the subpoenas is granted, and respondents’ cross motion to condition compliance is in all respects denied. Respondents are directed to comply with the subpoenas at such time and place as the Attorney-General shall determine.