■ ALL-WASTE SYSTEMS, INC., et al., Appellants, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent.—Consolidated appeals by All-Waste Systems, Inc., from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 1, 1988, which denied its motion to quash or modify a subpoena duces tecum, and by Suburban Carting, Inc. and C.C. Boyce & Sons, Inc., from an order of the same court, also entered July 1, 1988, which denied their motion to quash or modify a subpoena duces tecum and granted the cross motion of the Attorney-General of the State of New York to compel compliance therewith.

Ordered that the orders are affirmed, with costs.

Contrary to the appellants' contentions, we find that the subpoenas in question were not unusually broad or burden-

some, and did not request irrelevant or immaterial information. It is well settled that an application to quash a subpoena should be granted " '[o]nly where the futility of the process to uncover anything legitimate is inevitable or obvious' * * * or where the information sought is ' "utterly irrelevant to any proper inquiry" ' " *(Anheuser-Busch, Inc. v Abrams,* 71 NY2d 327, 331-332, quoting *Matter of La Belle Creole Intl. v Attorney-General of State of N. Y.,* 10 NY2d 192, 196, and *Matter of Edge Ho Holding Corp.,* 256 NY 374, 382). "All that the issuer of an office subpoena need demonstrate in order to avoid a motion to quash is that the materials sought have 'a reasonable relation to the subject matter under investigation and to the public purpose to be achieved' " *(Virag v Hynes,* 54 NY2d 437, 442, quoting *Carlisle v Bennett,* 268 NY 212, 217). The subject subpoenas were issued pursuant to the Attorney-General's broad investigatory powers granted by General Business Law § 343 in connection with an investigation into the practices of garbage collectors which may violate General Business Law § 340. Our review of the subpoenas indicates that the documents and interrogatories requested therein reasonably related to the matters under investigation, and as such, the subpoenas were proper.

We also note that there is no indication that the subpoenas were overbroad or unduly burdensome. "A subpoena is not rendered invalid merely because it requires production of a substantial number of documents. '[R]elevancy, and not quantity, is the test of the validity of a subpoena' " *(Matter of American Dental Coop. v Attorney-General of State of N. Y.,* 127 AD2d 274, 282-283, quoting *Matter of Minuteman Research v Lefkowitz,* 69 Misc 2d 330, 331; *cf., Matter of Carvel Corp. v Lefkowitz,* 77 AD2d 872). In addition, although the subpoenas concerned materials outside the statutory limitations period of General Business Law § 340 *et seq.,* "[t]he scope of a subpoena's demands turns on the nature of the investigation * * * rather than arbitrary time periods, or even the Statute of Limitations" *(Matter of American Dental Coop. v Attorney-General of State of N. Y., supra,* at 284).

Further, with respect to the appellants' claim that the subpoenas violated their right to a determination of the legality of the Attorney-General's alleged use of electronic surveillance, we note that they failed to present any facts in support of their allegation that they are being subjected to undisclosed electronic surveillance *(see, People v Cruz,* 34 NY2d 362).

Given the continuing nature of the information requested

by the subpoenas, the appeal is not rendered academic by reason of the appellants' compliance with the subpoenas to date.

We have reviewed the appellants' remaining contention and find it to be without merit. Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.