OPINION OF THE COURT
David B. Saxe, J.
The respondents in a preaction investigative proceeding initiated by the Attorney-General under General Business Law §§ 354 and 355 move by order to show cause to quash a subpoena served upon their former accountant, Alfred Scherzer (Scherzer), by the Attorney-General pursuant to General Business Law § 352.
In November 1993, the Attorney-General applied to this court for an order pursuant to General Business Law § 354 directing the respondents to appear for examination in connection with an investigation by the Attorney-General into the offer and sale of real estate securities with regard to two cooperative apartment corporations in Brooklyn.
Section 354 provides in pertinent part that: "Whenever the attorney-general has determined to commence an action under this article, he may present to any justice of the supreme court, before beginning such action, an application in writing for an order directing the person or persons mentioned in the application to appear before the justice of the supreme court or referee designated in such order and answer such questions as may be put to them or to any of them, or to produce such papers, documents and books concerning the alleged fraudulent practices to which the action which he has determined to bring relates, and it shall be the duty of the justice of the supreme court to whom such application for the order is made to grant such application.”
Pursuant to further provision of section 354, the Attorney-General sought and was granted certain preliminary injunc *826 tive relief concerning activities of the subject cooperative corporations.
On January 13, 1994, the Attorney-General issued a subpoena, pursuant to General Business Law § 352 calling for the examination of Scherzer, who had provided accounting services to respondent in the past concerning one of the cooperative corporations. Scherzer is not named as a respondent in the section 354 proceedings.
Pursuant to General Business Law § 352 (2): "[t]he attorney-general, his deputy of [sic] other officer designated by him is empowered to subpoena witnesses, compel their attendance, examine them under oath before him or a magistrate, a court of record or a judge or justice thereof and require the production of any books or papers which he deems relevant or material to the inquiry. Such power of subpoena and examination shall not abate or terminate by reason of any action or proceeding brought by the attorney-general under this article.”
The respondents argue that the Attorney-General may not conduct "private” examinations by way of subpoenas issued pursuant to General Business Law § 352 (2) of witnesses testifying to matters involving an ongoing investigation once that investigation has proceeded to the point of an application under section 354 for court-supervised examinations; rather, respondents assert, the Attorney-General is constrained to conduct all related examinations from that time on only upon proper notice to all interested parties within the context of the section 354 proceedings.
The respondents also complain that the subpoena was served with inadequate notice under CPLR 3106 (b), and that the scope of documents to be produced pursuant to the subpoena is overly broad, unlimited in time, and intended only for purposes of harassment.
It has been determined that examinations conducted, pursuant to section 354, must comport with the requirements of that section, and so the Attorney-General cannot conduct examinations under this section without judicial supervision (Matter of First Energy Leasing Corp. v Attorney-General of State of N. Y., 68 NY2d 59). In First Energy, the Court rejected the Attorney-General’s argument that his powers to subpoena under section 352 (2) permitted unsupervised examinations in the context of a section 354 proceeding, both because section 352 (2) had never been invoked as a basis for *827 the subpoenas on any notice or order to appear, and because "the Legislature, in granting to the Attorney-General the extraordinary enforcement powers under section 354, found it appropriate to give the subjects of those proceedings the added protection of judicial supervision” (supra, at 64).
It is clear that the Attorney-General could not invoke the broad investigative and subpoena powers of section 352 (2) to conduct unsupervised examinations of the respondents, the "subjects” of the present section 354 proceeding under Matter of First Energy Leasing (supra). However, that case does not address the Attorney-General’s right to subpoena and privately examine witnesses not named in or bound by the section 354 proceedings, whose testimony nevertheless relates to those proceedings.
The Attorney-General has been granted investigative powers under General Business Law article 23-A (the Martin Act), which are extremely broad, so as to effectuate the purposes of the Act (Matter of First Energy Leasing Corp. v Attorney-General of State of N. Y., supra, at 64). The power to subpoena witnesses for in-house examination, by the explicit language of section 352 (2), survives the commencement of "any action or proceeding.”
The language of section 352 (2) presupposes that someone, some witness, remains amenable to subpoena, and available for in-house examination as part of the Attorney-General’s ongoing investigation, even after the public investigation pursuant to section 354 begins. If that witness cannot be one of the named subjects of the public examination, because of the "added protection” afforded to such witnesses under section 354 (see, Matter of First Energy Leasing Corp. v Attorney-General of State of N. Y., supra), then, logically, it can only be a nonparty witness whose testimony is expected to aid in and add to the investigation. To bar the Attorney-General’s free access to such witnesses would be to vitiate the express instruction contained in section 352 (2).
In actions involving identical statutory language in section 343 of General Business Law article 22 (commonly known as the Donnelly Act), the courts have ruled consistently that the Attorney-General’s subpoena power is not affected by the commencement of a civil action stemming from the investigation, but continues as long as the investigation continues (see, Matter of Grandview Dairy v Lefkowitz, 76 AD2d 776; State of New York v Mobil Oil Corp., 40 AD2d 369, affd 33 NY2d 627). *828 And while General Business Law § 354 contains those "extraordinary” powers and "added protections” (Matter of First Energy Leasing Corp. v Attorney-General of State of N. Y., supra, at 64) which did not apply in Donnelly Act cases, there is nothing which would indicate any intention on the part of the courts, or the Legislature, to completely negate the explicit language of section 352 (2), or to create the anomaly whereby the Attorney-General would have greater powers of investigation and subpoena after a civil action was commenced in court than he had prior to commencement of such an action, while an investigation was still proceeding under section 354.
It is the determination of this court that the Attorney-General may continue to investigate a respondent’s affairs by the means contained in General Business Law § 352 (2) even after the commencement of a section 354 preaction examination proceeding, as long as the respondents actually subject to the section 354 order are afforded the protections of the section. Other witnesses with testimony potentially relevant to the investigation may still be subject to subpoena and examination pursuant to General Business Law § 352 (2). Thus, there is nothing improper in the service of a section 352 (2) subpoena upon respondents’ former accountant, who is not a subject of the section 354 proceeding.[1]
The respondents’ objections to the substance and procedural sufficiency of the subpoena are without merit. The subpoena requires Scherzer to appear for examination with all documents in his possession relating to the two cooperative corporations, with specific examples of the types of documents sought.
A subpoena duces tecum issued by the Attorney-General should be limited or quashed "only where the information sought is 'utterly irrelevant to any proper inquiry’,” and it is enough if the materials sought are "reasonably related to the subject matter under investigation and to the public purpose to be achieved” (Matter of Abrams v Thompson, 150 AD2d 679, 680). Further, "[a] subpoena is not rendered invalid merely *829 because it requires production of a substantial number of documents” (All-Waste Sys. v Abrams, 155 AD2d 401, 402, citing Matter of American Dental Coop. v Attorney-General of State of N. Y., 127 AD2d 274, 282-283).
Scherzer’s involvement in the subject cooperative corporations was limited, according to the Attorney-General, to the preparation of 1989 certified financial statements. The lack of a time frame in the subpoena for the documents requested does not create a burdensome task, impossible to perform, where the deponent’s involvement with the matter is so self-limiting. Scherzer should have no problem determining which documents are necessary to comply with the subpoena, and cannot complain merely because the request involves a volume of documents.
The respondents are correct in arguing that the "provisions relating to subpoenas and their enforcement” contained in the CPLR should be applied to subpoenas issued under the Martin Act (People v DeValdor, 234 App Div 50, 51), but err when they argue that this rule requires the subpoena issued pursuant to section 352 (2) of the General Business Law to comport with the notice and time provisions contained in CPLR 3106 and 3107. The subpoena was not issued in conjunction with pretrial discovery, but with an ongoing investigation of the Attorney-General. CPLR article 23, not article 31, governs subpoenas generally, and does not require the same notice as is contained in CPLR article 31. The respondents were not entitled to notice of the examination of Scherzer, and the notice given Scherzer was not inadequate.[2]
The dispute between the parties as to whether or not Scherzer was told that he could not be represented by his former counsel, respondent Sander Srulowitz, is irrelevant. Scherzer has no particular right to be represented by counsel at the investigation examination (Matter of First Energy Leasing Corp. v Attorney-General of State of N. Y., supra, at 64), although it has been made clear in the course of these proceedings that Scherzer may attend his deposition with counsel of his choice.
Scherzer’s final complaint is that he received the subpoena by "fax,” and that it is his understanding that such service is inadequate. However, beyond the mere mention of the fact *830 that the subpoena was served in this manner, respondents raise no argument concerning the insufficiency of service as a grounds for quashing the subpoena, either in their order to show cause and attorney’s affirmation, or in their memorandum of law. The court can only conclude that the respondents do not believe their own argument has merit, perhaps because Scherzer agreed to such form of service when he requested that a subpoena be issued. The court will not address the merits of a legal argument which the respondents did not themselves address.
Accordingly, the motion is denied.

. This determination accords with the intentions expressed by supporters of the 1927 amendment to section 352, which expanded that section to include what is currently the final sentence of subdivision (2) concerning the Attorney-General’s continuing subpoena powers (see, Ottinger, Mem in Support of Assembly Bill A 1896, Mar. 3, 1927, Mem of Comm on Amendment of Law of Assn of Bar of City of NY No. 109, Bill Jacket, L 1927, ch 365).

. Scherzer admits that he asked the Attorney-General to issue the subpoena before he would appear, and arranged with the Attorney-General for a convenient adjournment date for the examination.