THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FERDINAND V. DEVALDOR, Appellant.

First Department, December 18, 1931.

*Samuel J. Ohringer* of counsel [*Slade & Ohringer,* attorneys], for the appellant.

*Paul J. McCauley* of counsel [*Abraham N. Davis* with him on the brief; *John J. Bennett, Jr., Attorney-General*], for the respondent.

McAVOY, J. Defendant was convicted of unlawfully violating the provisions of section 352 of article 23-A of the General Business Law ▮ (known as the Martin Act), in that he willfully failed and neglected to obey a subpœna lawfully issued by the Attorney-General of the State, with which he was personally served.

He contends on appeal from the judgment of conviction, on the merits, that he did not willfully refuse to obey the command of the

subpœna, but endeavored to procure a postponement of the hearing, a former session of which he had attended and that he was unable to communicate with the Deputy Attorney-General, who had theretofore examined him; that he subsequently appeared; that his examination was had and he testified in full concerning the matter under investigation.

We do not think that the subsequent appearance for examination of the witness constituted a waiver of his default, if such it were, in failing to respond to the subpœna. The offense occurred upon his failure to attend at the time mentioned in the subpœna. We find, however, that the Attorney-General having failed to tender to the defendant the lawful fees prescribed by law for a witness' attendance, his failure to attend did not consitute a misdemeanor under the so-called Martin Act. The Martin Act does not provide for any mode or method of serving a subpœna and we conclude that the provisions relating to subpœnas and their enforcement contained in the Civil Practice Act must be applied, otherwise the method of compelling attendance of a witness and the mode of service would find no rule to support the procedure in such instances.

The Attorney-General having failed concededly to tender the subpœna fees as required under section 404 of the Civil Practice Act, the defendant was not guilty of the misdemeanor charged and should not have been found guilty.

The judgment of conviction should be reversed, the information dismissed and defendant discharged.

FINCH, P. J., and SHERMAN, J., concur; MERRELL and MARTIN, JJ., dissent.

MERRELL, J. (dissenting). Defendant appeals from a judgment of the Court of Special Sessions of the City of New York, convicting him of a violation of section 352 of article 23-A of the General Business Law in that said defendant, without reasonable cause, had failed and refused to obey a subpœna requiring him to attend before the Attorney-General of the State and be examined concerning practices of a concern known as the California Land Company, with which concern the defendant was supposed to be identified. Upon his conviction for violation of the statute in question the defendant was sentenced to imprisonment in the workhouse for sixty days.

Section 352 of article 23-A of the General Business Law, for violation of which defendant was charged, provides, so far as pertinent, as follows: " * * * The Attorney General, his deputy or other officer designated by him is empowered to subpœna witnesses, compel their attendance, examine them under oath before

him or a magistrate, a court of record or a judge or justice thereof and require the production of any books or papers which he deems relevant or material to the inquiry. * * * If a person subpoenaed to attend such inquiry fails to obey the command of a subpoena without reasonable cause, or if a person in attendance upon such inquiry shall without reasonable cause refuse to be sworn or to be examined or to answer a question or to produce a book or paper when ordered so to do by the officer conducting such inquiry, * * * he shall be guilty of a misdemeanor * * *."

The evidence shows that the defendant has been subpoenaed, pursuant to the provisions of the statute above quoted, to appear before the Attorney-General for examination on December 7, 1929. The defendant appeared before the Attorney-General at that time and certain questions were asked him, but his examination was not completed. He was told that he should return on a later day, December eleventh, an adjourned date fixed for further examination, and at the same time on December 7, 1929, the defendant, appellant, was served with a subpoena by the Deputy Assistant Attorney-General of the State of New York requiring him to appear on December 11, 1929, at two o'clock p. m. at room 811, Trinity Court Building, 74 Trinity place, borough of Manhattan, New York city. The appellant was not paid any witness fee upon being so subpoenaed to appear on the adjourned date of the hearing. The appellant did not appear pursuant to such subpoena on December 11, 1929. Several months later, after a warrant had been issued under the provisions of section 352 of the General Business Law, the defendant, appellant, was brought before the Deputy Assistant Attorney-General and was examined at some length. For disobedience of the subpoena to appear on December 11, 1929, the defendant was prosecuted and convicted in the Court of Special Sessions. The defendant contends that his conviction was illegal for three reasons: *First*, the defendant claims that he had reasonable cause not to appear in obedience to the subpoena; *second*, that no subpoena fees were paid him at the time of the service of the subpoena upon him on December 7, 1929; *lastly*, that the Attorney-General, having examined him several months after December eleventh concerning the California Land Company matter, waived any right to cause his arrest for violation of the section. The " unreasonable cause " for refusing to be sworn consists of the appellant's claim that on December 11, 1929, he requested an adjournment. The Deputy Attorney-General having the matter in charge testified that he was at his place of business all of December 11, 1929, and that never was any application made to him for an adjournment. It, however, appears that

there was some telephonic communication with the office wherein the defendant sought an adjournment, but it does not appear that this was ever brought to the attention of the Deputy Assistant Attorney-General. Nowhere does it appear that there was any ground upon which the defendant could ask for an adjournment. If by merely requesting an adjournment of an examination a witness is absolved from appearing, without stating any ground why adjournment is asked, then the statute itself requiring his appearance and prescribing a penalty for his failure to appear without reasonable cause, becomes a farce.

The appellant's main ground for reversal and upon which he asks for dismissal of the information against him by the Special Sessions was that he was not paid any witness fees upon the service of the subpœna upon him. The answer to this contention is that nowhere in the statute is it provided that witness fees must be paid or tendered to a witness in order to obtain his examination under said section. The law, known as the Martin Act, is silent upon the subject of witness fees. The appellant contends that this is an inadvertent omission in the law, but such cannot be the case because the same General Business Law, by section 354, provides that the Attorney-General may obtain the examination through an order of a justice of the Supreme Court directing the named person to appear before the justice or a referee designated for examination. Section 355 prescribes specifically the manner in which such order of the Supreme Court must be served, providing that at the time the copy of the order is served upon the witness and at the time the original order is shown him, he must be paid or tendered the fee allowed by law to witnesses subpœnaed to attend trials of civil actions in any court of record in the State. Thus, the Martin Act provides for the payment of witness fees where the examination is obtained through the order of a justice of the Supreme Court, but in the same act the Attorney-General is empowered to subpœna a witness and there is no requirement to pay any witness fees. The examination provided by section 352 of the General Business Law is in the nature of a criminal proceeding, or, at least, is for the purpose of obtaining evidence to sustain a charge of a criminal nature. In the first instance the appellant appeared for examination on December 7, 1929, without payment of witness fees. He was then told to return on December eleventh. It probably would have been unnecessary for the Attorney-General to serve a subpœna on him, but with an abundance of caution the Deputy Assistant Attorney-General did serve upon defendant a subpœna requiring his attendance on the adjourned date. The Attorney-General is charged with the duty of instituting investigations with reference

to the fraudulent sale of securities. His powers are conferred by the Martin Act itself, and the Legislature clothes him with necessary power to carry out the intent of the statute. The Legislature realized that the disregard of a subpœna issued by the Attorney-General to obtain information with regard to investigations of the law would seriously hinder such investigations, and by the statute provided that one refusing, without just cause, to obey a subpœna, was guilty of a misdemeanor, and prescribed a punishment therefor. The act itself was complete in all its details, and it is unnecessary to look to the Civil Practice Act for its enforcement. The People are not endeavoring to punish the defendant for contempt by defendant's arrest and conviction. This is a criminal proceeding pure and simple for violating a law which itself prescribes the penalty. Had the Legislature intended that witness fees should be paid, then the act would have so provided, just as the act did in compelling attendance of witnesses through the intervention of an order of the Supreme Court, as provided by section 355 of the General Business Law. Such examinations are not governed by any procedure fixed by the Civil Practice Act, which can only be applied to proceedings in an action after it is commenced. In this case, without presenting any cause, reasonable or otherwise, therefor, the defendant failed to appear in obedience to the subpœna served upon him. He, therefore, became liable, under the provisions of the Martin Act, to punishment for a misdemeanor.

The appellant also contends that when he appeared, as he states, several months later, for examination, the People waived any claim that he had violated the statute in question. The answer to this is, it seems to me, that when he did appear it was upon his arrest pursuant to the warrant under which he was finally convicted. He did not appear voluntarily, but after the warrant had been served upon him. It is true that upon such appearance he was examined, but such examination cannot have wiped out the violation of the law and the misdemeanor of which the defendant was originally guilty. The crime was committed when, without reasonable cause, the defendant failed to appear in obedience to the subpœna served upon him. It is neither good sense nor law that when the defendant appears under a warrant for his arrest and he is found guilty, such forced appearance wipes out the misdemeanor which he had committed in failing to obey a subpœna. It might just as well be urged that one charged with the commission of larceny satisfies the crime which he has committed by restoring the property stolen.

I think there is no waiver on the part of the People of the charge against the defendant from his examination made under arrest.

I think there is far more to be said for the view that where the defendant made no objection to such service, either at the time of his first appearance and examination as a witness or at the time of service of the subpœna upon him, upon the ground that he was not paid witness fees, such failure to object to the non-payment of witness fees was a waiver on his part of any claim therefor. It would also seem that when the appellant requested an adjournment without making any claim that he had not been regularly subpœned and witness fees paid him, such conduct constitutes a waiver of any objection to the manner in which he was subpœnaed. In 40 Cyc. (p. 2171) it is stated: " It has been held that a witness who is subpœnaed is bound to attend at the trial unless he has given notice that he shall refuse to appear without payment of the fees due him, and one who has received insufficient mileage without objection must attend, notwithstanding the insufficiency. It has also been held that a person who attends as a witness without the payment or tender of his fees waives their payment or tender in advance, and cannot refuse to be sworn, or to produce the book or document called for in a subpœna *duces tecum* until they are paid."

I see absolutely no reason to interfere with the conviction of this defendant. The judgment of conviction should be affirmed.

MARTIN, J., concurs.

Judgment reversed, the information dismissed and the defendant discharged.