affirmed. Settle order on notice. Concur — Rabin, J. P., Frank, Valente, McNally and Bergan, JJ.

■ M. & L. HESS, INC., Respondent, v. TISCH HOTELS, INC., et al., Appellants, et al., Defendant.— Order unanimously affirmed, without costs. No opinion. Concur — Rabin, J. P., Frank, Valente, McNally and Bergan, JJ.

■ LILLIAN HOLT, Respondent-Appellant, v. HERBERT HOLT, Appellant-Respondent.— Order appealed from modified so as to provide for alimony *pendente lite* at the rate of $900 per month and counsel fee in the sum of $2,000. As so modified the order appealed from is affirmed. On the record before the court the amounts now fixed are warranted. Settle order. Concur — Rabin, J. P., Frank, Valente, McNally and Bergan, JJ.

■ SELZNICK RELEASING ORGANIZATION, INC., Respondent, v. CHESAPEAKE INDUSTRIES, INC., Appellant.— Order appealed from modified so as to eliminate therefrom the words "and audit" in the second decretal paragraph; and also by substituting in place of the words "obtain and" appearing in said paragraph, the words "be prepared without delay to" and as so modified affirmed, with $20 costs and disbursements to respondent. Settle order on notice. Concur — Rabin, J. P., Frank, Valente and Bergan, JJ.

■ VALUE LINE FUND, INC., et al., Respondent, v. JOHN ELLIS et al., Copartners Doing Business as EASTMAN DILLON, UNION SECURITIES & Co., Appellants.— Order so far as appealed from unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Rabin, J. P., Frank, Valente and Bergan, JJ.

■ In the Matter of ALUMINUM FABRICATORS, INC., Respondent, against APEX WINDOW Co., INC., et al., Appellants.— The subpœna for the examination of the judgment debtor herein is dated January 11, 1957, and was returnable at Special Term, Part II, Supreme Court, Kings County, on February 19, 1957. By stipulation of the attorneys for the parties dated February 11, 1957, 350 Broadway, in the county of New York, was designated as the place for the examination. "The testimony of the judgment debtor, third party or witness, upon the consent of the party or person to be examined or his attorney, may be taken before a notary public or commissioner of deeds and at a place other than in or before the court in which the order or subpœna is returnable with the same force and effect as if such testimony had been taken in or before the court." (Civ. Prac. Act, § 791.) The said stipulation, by its terms, did not effect a change of venue of the proceeding herein and the venue thereof continued and remains in Kings County, wherein this proceeding was instituted by the subpœna dated January 11, 1957. Therefore, the order appealed from conditionally granting the judgment-creditor's motion to punish the appellants for contempt made at Special Term, Part I, Supreme Court, New York County, was without jurisdiction. (*Matter of Backus*, 91 App. Div. 266, affd. 179 N. Y. 571.) Order so far as appealed from unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the motion denied, with $10 costs, without prejudice to an appropriate application before the Supreme Court, Kings County, for the relief herein sought. Concur — Rabin, J. P., Frank, Valente, McNally and Bergan, JJ.

■ ERNESTINE ROBINSON, Respondent, v. KENNETH A. ROBINSON, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent of this appeal and companion appeal *Robinson* v. *Robinson* (4 A D 2d 939). No opinion. Concur — Rabin, J. P., Frank, Valente, McNally and Bergan, JJ.

■ ERNESTINE ROBINSON, Respondent, v. KENNETH A. ROBINSON, Appellant.— Order unanimously affirmed. No opinion. Concur — Rabin, J. P., Frank, Valente, McNally and Bergan, JJ.