■ BERTHA LEVY et al., Plaintiffs, v. IRVING WEXLER et al., Individually and as Copartners Doing Business as BUCKINGHAM WAX CORP. No. 2, Appellants, and T. I. McCORMACK TRUCKING CO., INC., Respondent, et al., Defendants.— In an action to recover damages for personal injuries, the defendants Irving Wexler and Mildred Wexler appeal from an order of the Supreme Court, Queens County, dated January 17, 1962, which denied their motion to examine before trial their codefendant, T. I. McCormack Trucking Co., Inc. In their answer to the third amended complaint, said defendants Wexler sought judgment over against their said codefendant in the event that plaintiffs should obtain judgment against them. Order affirmed, with $10 costs and disbursements. The action was noticed for trial for the November 1958 Term and a readiness statement was duly filed. No motion to strike the action from the calendar was made; the case appeared on the Day Calendar in November, 1961; and it was set down for trial in January, 1962. Said defendants Wexler contend it was not until then that they had notice that the codefendant McCormack had appeared in the action, since a copy of McCormack's answer had not been served upon them. It is not disputed that the note of issue addressed, among others, to the attorneys for McCormack, was served upon the defendants Wexler. It is further undisputed that they themselves served a jury demand, dated October 15, 1958, on McCormack's attorneys, and that on September 1, 1960 an order for substitution of attorneys for McCormack was served upon them (the defendants Wexler). Under the circumstances disclosed by this record, the Trial Term did not improvidently exercise its discretion in denying this motion. The fact that here codefendants are involved rather than a plaintiff and defendant, did not bar the application of the special rule of this court (Rules App. Div. [2d Dept.], Special Rule, eff. Jan. 15, 1957, as amd.) requiring the filing of a statement of readiness as a condition to placing the action on the calendar. Its purpose was to keep off the Trial Calendar all those actions which are not actually ready for trial. Under this rule, each party to the action is deemed to have assented to the statements contained in the readiness statement and to have waived his right to pursue the pretrial proceedings allowed by the Civil Practice Act and Rules of Civil Practice, unless, within 20 days after the filing of the readiness statement, he shall have moved to strike the action from the calendar (cf. *Morrison* v. *Sam Snead Schools of Golf of New York,* 13 A D 2d 986; *Cerrone* v. *S'Doia,* 11 A D 2d 350, and cases therein cited). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.