■ LOUIS BOBROWSKY, Respondent-Appellant, v ANTHONY BOZZUTI, Defendant; JESSE SANCHEZ, Individually and Doing Business as Standard Remodel-

all times relevant to this proceeding (L 1980, ch 754, § 4; L 1982, ch 555, § 10).

ing Co., Appellant-Respondent. — In a supplementary proceeding to enforce a money judgment, Jesse Sanchez, as limited by his brief, and Louis Bobrowsky cross-appeal from so much of an order of the Supreme Court, Westchester County (Leggett, J.), entered March 28, 1983, as upon reargument, adhered to a prior determination granting Bobrowsky's motion to hold Sanchez in contempt for failure to obey a subpoena duces tecum dated June 3, 1982, and granted that branch of Sanchez' motion which sought to quash a second subpoena duces tecum dated July 15, 1982. Order reversed insofar as appealed from, on the law, without costs or disbursements, Bobrowsky's motion to hold Sanchez in contempt for failure to obey the subpoena duces tecum dated June 3, 1982 is denied, that branch of Sanchez' motion which sought to quash the second subpoena duces tecum is denied, and Bobrowsky's motion to hold Sanchez in contempt for failure to obey the subpoena duces tecum dated July 15, 1982 is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith. In order to enforce a money judgment entered in the City Court of the City of New Rochelle against defendant Anthony Bozzuti, plaintiff Louis Bobrowsky served Jesse Sanchez with a subpoena duces tecum dated June 3, 1982 and issued out of the Supreme Court, Westchester County, for a deposition to be held in that court on July 6, 1982. No witness fee was tendered with the subpoena. A second subpoena duces tecum dated July 15, 1982 was served on Sanchez along with a $4 witness fee to appear at a deposition in the Supreme Court on August 5, 1982. By notice of motion dated July 19, 1982, Bobrowsky moved in the Supreme Court to hold Sanchez in contempt for failure to appear on the return date of the first subpoena. Sanchez moved, *inter alia,* to dismiss Bobrowsky's motion for contempt on the ground that the Supreme Court was not the proper court for enforcement of a City Court judgment and for a motion to quash the second subpoena. Special Term found Sanchez in contempt, fined him $250 and directed him to appear at a deposition with certain books and records. Sanchez then moved to renew and to reargue his prior motion and Bobrowsky moved to hold Sanchez in contempt for failure to appear on the return date of the second subpoena. Special Term granted reargument but adhered to its original determination. The court also quashed the second subpoena duces tecum on the ground that the judgment holding Sanchez in contempt and directing him to appear was still in effect. Sanchez now argues that the contempt judgment was void because the Supreme Court lacked jurisdiction to entertain the special proceeding to adjudicate him in contempt and because the first subpoena was invalid on the ground that it was unaccompanied by a witness fee. CPLR 5221 (subd [a], par 1), provides that special proceedings to enforce money judgments entered in the City Court of New Rochelle "shall" be commenced in that court or the County Court, Westchester County, where, as here, respondent resides in that county. This allocation of enforcement proceedings among the various courts represents a legislative determination of the proper distribution of the administrative burdens imposed by these proceedings (see *General Elec. Credit Corp. v Davis,* 44 Misc 2d 566; 6 Weinstein-Korn-Miller, NY Civ Prac, par 5221.08; State of New York, Third Preliminary Report of the Advisory Committee on Practice and Procedure, p 247 [March 1, 1959]). The legislative determination as to distribution does not, however, create a jurisdictional defect in proceedings brought in the Supreme Court because the Legislature may not restrict the general jurisdiction of the Supreme Court which is guaranteed by section 1 of article VI of the State Constitution (see Judiciary Law, § 140-b; *Busch Jewelry Co. v United Retail Employees' Union,* 281 NY 150, 156). Had the Supreme Court's exercise of jurisdiction been the only basis for Sanchez' attack on the contempt judgment, we would have permitted the judgment to stand because the proceeding has

been concluded and the failure to abide by CPLR 5221 is not a jurisdictional defect. The contempt judgment must fall on another ground, however; the first subpoena was unaccompanied by any witness fee. Witness fees must be tendered when the subpoena is served or within a reasonable time before it is returnable (CPLR 2303; *People v DeValdor,* 234 App Div 50; *Matter of State Comm. for Human Rights v Marrano,* 45 Misc 2d 1092; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2303.07). Since witness fees were not tendered with the first subpoena, Sanchez may not be punished for disobeying it. In light of the fact that the first application for contempt should have been dismissed, it was error to dismiss the second application on the basis of a prior valid contempt judgment. Nor should the second subpoena have been quashed since it was accompanied by a witness fee. In view of the legislative policy declared in CPLR 5221, proceedings to enforce a City Court judgment which are brought in the Supreme Court should normally be transferred to the City Court (see NY Const, art VI, § 19, subd a; *Kagen v Kagen,* 21 NY2d 532, 538; *Hollander v Hollander,* 42 AD2d 701; *Midtown Commercial Corp. v Kelner,* 29 AD2d 349). But, since contempt for failing to comply with a subpoena may only be determined by the court out of which the subpoena was issued, it would be improper to transfer the instant enforcement proceeding (see Judiciary Law, § 753; *Matter of Backus [Merchant],* 91 App Div 266, affd 179 NY 571; *Matter of Aluminum Fabricators v Apex Window Co.,* 4 AD2d 939; *Shapiro v Shapiro,* 60 Misc 2d 622; *Matter of Northville Dock Corp. v Aller Oil Co.,* 19 Misc 2d 558). With transfer eliminated as an option, the remaining alternatives are to remit the proceeding to the Supreme Court for a hearing or to dismiss it outright. We prefer the first alternative. While the legislative policy underlying CPLR 5221 can be furthered by the transfer of proceedings not involving subpoenas, in this case transfer is improper, and dismissal would strike at the jurisdiction of the Supreme Court. Titone, J. P., Lazer, Thompson and Boyers, JJ., concur.