■ ANNIE M. BROWN et al., Respondents, v VETERANS TRANS-PORTATION COMPANY, INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants Veterans Transportation Company, Inc., and Roosevelt Bus Lines appeal from a judgment of the Supreme Court, Nassau County (Morrison, J.), entered May 26, 1989, which, upon a ruling granting the plaintiffs' motion to strike their answer and directing a verdict of liability in favor of the plaintiffs, and upon a jury verdict as to damages, is in favor of the plaintiff Annie Mae Brown and against them in the principal sum of $104,216, and is in favor of the plaintiff William Brown and against them in the principal sum of $45,784.

Ordered that the judgment is reversed, on the law, the answer is reinstated, and a new trial is granted, with costs to abide the event.

The record reveals that during the liability phase of the bifurcated trial in this case, the court struck the answer of the defendants and granted judgment as a matter of law on the issue of liability in favor of the plaintiffs. The matter then

immediately proceeded to a trial on the issue of damages. The court premised its decision to strike the answer upon its findings that (1) the defendants' liability carrier failed to comply with a "so-ordered" subpoena issued during trial, (2) the defendants failed to comply with precalendar discovery orders, and (3) the defendants might possibly have destroyed or made unavailable certain relevant physical and documentary evidence.

The striking of the defendants' answer was improper under the circumstances presented. The remedies available for disobedience of a judicial subpoena are found in CPLR 2308. Given the fact that the insurance carrier is not a party but rather a nonparty witness, the proper sanction under CPLR 2308 is one of civil contempt. The pleadings may be stricken only if a party fails to comply with CPLR 2308. Even a finding of civil contempt against the insurance carrier cannot be made on this record because the subpoena was not properly tendered with the appropriate traveling expenses in advance of the return date (see, CPLR 2303; Bobrowsky v Bozzuti, 98 AD2d 700, 702).

With respect to the conduct of the defendants, the proper remedies for failure to comply with pretrial discovery orders or for making previously possible disclosure impossible are found in CPLR 3126, which includes the sanction of striking the defaulting party's pleadings (see, CPLR 3126 [3]; see also, Ferraro v Koncal Assocs., 97 AD2d 429). However, the plaintiffs failed to move for sanctions under CPLR 3126 at the appropriate time (i.e., prior to trial) and instead filed a note of issue and certificate of readiness, expressly affirming that discovery had been completed (see, CPLR 3402; Bermudez v Laminates Unlimited, 134 AD2d 314, 315). Accordingly, the plaintiffs waived any claim regarding noncompliance with pretrial disclosure and precalendar orders (see, Siragusa v Teal's Express, 96 AD2d 749; Levy v Wexler, 16 AD2d 688).

In view of the foregoing, and under the circumstances of this case, we conclude that a new trial of the action is warranted.

We have considered the defendants' remaining contentions and find them to be without merit or, in view of our decision, academic. Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.