■ In the Matter of RICKY DEAN JAGGARS, Petitioner, v CYNTHIA M. SCHOLENO, Respondent. In the Matter of CYNTHIA M. SCHOLENO, Petitioner, v RICKY DEAN JAGGARS, Respondent. MARK J. DUNCANSON, Appellant. [776 NYS2d 684]—

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered June 11, 2003. The order granted the motion of petitioner-respondent Ricky Dean Jaggars to compel appellant to comply with a subpoena, fined appellant for the failure to comply and denied appellant's motion to quash the subpoena.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs to appellant, the motion of petitioner-respondent Ricky Dean Jaggars is denied, the fine is vacated, appellant's motion is granted and the subpoena is quashed.

Memorandum: Appellant, a nonparty witness in this custody proceeding, appeals from an order granting the motion of petitioner-respondent Ricky Dean Jaggars (petitioner) to compel appellant to comply with a subpoena issued by petitioner and fining him $750 for the failure to comply, and denying appellant's motion to quash the subpoena. Pursuant to the subpoena, appellant was directed to submit to a deposition and to provide counsel for petitioner with certain documents. We agree with appellant that the subpoena was not properly served, inasmuch as it was served by substituted service at his place of business without an accompanying witness fee and without the requisite follow-up mailing. "Witness fees must be tendered when the subpoena is served or within a reasonable time before it is returnable" (*Bobrowsky v Bozzuti,* 98 AD2d 700, 702 [1983]; *see also Brown v Veterans Transp. Co.,* 170 AD2d 638, 639 [1991]). Because witness fees were not tendered with the subpoena or before it was returnable, appellant "may not be punished for disobeying it" (*Bobrowsky,* 98 AD2d at 702; *see Brown,* 170 AD2d at 639). Moreover, the subpoena was required to be served in the same manner as a summons (*see* CPLR 2303 [a]) and, because it was served by substituted service, a follow-up mailing was required (*see* 308 [2]). Thus, appellant had no obligation to comply with the subpoena, and Family Court erred in denying appellant's motion to quash the subpoena and in imposing a fine based on appellant's failure to comply with it. Although not necessary to our determination herein, we note that the amount of the fine was inappropriate. Because petitioner failed to establish that he sustained any damages "by reason of [appellant's]

failure to comply" with the subpoena, only a fine "not exceeding fifty dollars" would have been appropriate (2308 [b] [1]). Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.