[909 NYS2d 280]

DEZER PROPERTIES 4, LLC, Appellant, v LISA BRODY et al., Respondents.

Supreme Court, Appellate Term, First Department, August 9, 2010

---

### APPEARANCES OF COUNSEL

*Graubard Miller*, New York City, for appellant. *Law Offices of Walter Jennings*, *P.C.*, New York City, for Lisa Brody and another, respondents.

### OPINION OF THE COURT

Per Curiam.

Final judgment, entered on or about July 22, 2008, affirmed, with $25 costs.

After a trial spanning seven court days, Civil Court dismissed this nonprimary residence holdover proceeding upon its determination that the long-term tenant (Richard Felber) primarily resides at the rent-stabilized Manhattan apartment here at issue. The court's determination, based in large measure on its favorable assessment of the testimony of tenant and his witnesses and the absence from landlord's trial presentation of any "testimony from neighbors or building staff relating to the [tenant's] day-to-day activities," represents a fair interpretation of the evidence, and is not disturbed. As the court noted, of the "[r]eams of documents" presented by both sides at trial, certain documents identified the subject apartment as tenant's residence, while others listed a house in South Kent, Connecticut—which tenant jointly owned with his (now former) wife—as tenant's residence. In view of the conflicting welter of docu-

ments proffered at trial, and the court's decision to credit the plausible testimonial evidence offered by and on behalf of tenant, the evidence did not so preponderate in favor of landlord that the verdict could not have been reached on any fair interpretation of the evidence (*see 23 Jones St. Assoc. v Keebler-Beretta*, 284 AD2d 109 [2001]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]).

■ Landlord's contention that the trial court erred in failing to grant its trial motion in limine for disclosure sanctions is without merit. Landlord effectively waived any right to seek such sanctions, since landlord failed to move for sanctions under CPLR 3126 at the appropriate time (i.e., prior to trial)* and instead waited until the commencement of trial, four months after the proceeding was restored to the trial calendar, before making its in limine application (*see Brown v Veterans Transp. Co.*, 170 AD2d 638 [1991]). We note, too, that an in limine application is generally not the appropriate vehicle through which to seek disclosure sanctions; rather, such an application is typically reserved for testing the admissibility of trial evidence (*see State of New York v Metz*, 241 AD2d 192, 198 [1998]). We observe, however, that while landlord should not have resorted to an in limine application to seek disclosure sanctions against tenant, the trial court should have afforded landlord a ruling on the application, even if only to summarily deny it.

We have considered landlord's remaining claims and find that none of them warrant disturbing the judgment after trial.

McKEON, P.J., and SCHOENFELD, J., concur.

---

* While landlord did move for disclosure sanctions approximately two years prior to trial, that motion was denied with leave to renew. Landlord, however, never moved to renew that motion prior to trial.