Bongiorno v Di Frisco (2021 NY Slip Op 04211)





Bongiorno v Di Frisco


2021 NY Slip Op 04211


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-11697
2019-14058
2019-14061
 (Index No. 16895/15)

[*1]Sam A. Bongiorno, appellant, 
v
Jo Anne Di Frisco, defendant; Victor Di Frisco, nonparty-respondent.


Weinstein Kaplan & Cohen, P.C., Garden City, NY (Danielé D. De Voe of counsel), for appellant.
Polin, Prisco & Villafane, Westbury, NY (Armand J. Prisco of counsel), for defendant.



DECISION & ORDER
In an action to recover on a promissory note, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 18, 2019, (2) an order of the same court dated June 26, 2019, and (3) an order of the same court dated September 24, 2019. The order dated March 18, 2019, insofar as appealed from, denied the plaintiff's motion to hold nonparty Victor Di Frisco in civil contempt, and, sua sponte, directed that no further third-party discovery be conducted in the action aside from that pertaining to certain bank records. The order dated June 26, 2019, insofar as appealed from, adjourned the plaintiff's motion, in effect, for leave to renew and reargue, inter alia, his motion to hold nonparty Victor Di Frisco in civil contempt, and directed the plaintiff to file such affirmations, affidavits, and memoranda of law that demonstrate why the action should not be dismissed under the doctrine of in pari delicto. The order dated September 24, 2019, insofar as appealed from, sua sponte, directed dismissal of the action with prejudice.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated March 18, 2019, as, sua sponte, directed that no further third-party discovery be conducted in the action aside from that pertaining to certain bank records, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the appeal from the order dated June 26, 2019, is dismissed, without costs or disbursements, as no appeal lies as of right from an order that does not decide a motion made on notice (see id. § 5701[a][2]), and leave to appeal has not been granted (see id. § 5701[c]); and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated September 24, 2019, as, sua sponte, directed dismissal of the action is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see id.); and it is further,
ORDERED that the order dated March 18, 2019, is modified, on the law and the facts, by deleting the provision thereof, sua sponte, directing that no further third-party discovery be conducted in the action aside from that pertaining to certain bank records; as so modified, the order dated March 18, 2019, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated September 24, 2019, is reversed insofar as appealed from, on the law, without costs or disbursements.
On March 24, 2009, the defendant executed a promissory note in favor of the plaintiff in the principal sum of $75,000. On the same day, the parties executed a security agreement whereby the defendant granted the plaintiff a security interest in real property that the defendant owned (hereinafter the subject property) to secure the repayment of the note. In September 2015, the plaintiff commenced this action against the defendant to recover on the promissory note, alleging that the defendant had failed to make any payments thereunder.
In August 2018, the plaintiff served a subpoena duces tecum and ad testificandum upon nonparty Victor Di Frisco (hereinafter Victor), the defendant's brother. Thereafter, the plaintiff moved to hold Victor in civil contempt for failing to comply with the subpoena. In support of the plaintiff's motion, the plaintiff submitted, inter alia, an attorney's affirmation, in which the plaintiff asserted that he had loaned the money secured by the note and the mortgage to Victor, and that therefore, Victor's testimony and the documents requested in the subpoena were material and necessary. In an order dated March 18, 2019, the Supreme Court, among other things, denied the plaintiff's motion to hold Victor in contempt, and, sua sponte, precluded any further third-party discovery in the action, with the exception of certain bank records at the depository banking institution, wherein the plaintiff contended he paid the consideration for the promissory note directly into the defendant's bank account (hereinafter the bank records).
In April 2019, the plaintiff moved, in effect, for leave to reargue and renew, inter alia, the motion to hold Victor in contempt (hereinafter the renewal motion). In an order dated June 26, 2019, the Supreme Court, inter alia, adjourned the renewal motion, and directed the plaintiff to file an affirmation, affidavit, and/or memorandum of law demonstrating why the action should not be dismissed under the doctrine of in pari delicto.
After the plaintiff submitted, among other things, a memorandum of law, in an order dated September 24, 2019, the Supreme Court, inter alia, sua sponte, directed dismissal of the action with prejudice on the ground that the action was barred under the doctrine of in pari delicto.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (Chambers v Old Stone Hill Rd. Assoc., 66 AD3d 944, 946; see Matter of Hughes v Kameneva, 96 AD3d 845, 846). The movant must establish that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the movant was prejudiced by the offending conduct (see Matter of McCormick v Axelrod, 59 NY2d 574, 583, affd 60 NY2d 652; Savel v Savel, 153 AD3d 872, 873). Prejudice is shown where the party's actions "were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (Matter of Figueroa-Rolon v Torres, 121 AD3d 684, 685). The movant has the burden of proving the contempt by clear and convincing evidence (see Penavic v Penavic, 109 AD3d 648, 649-650; Matter of Philie v Singer, 79 AD3d 1041, 1042).
Here, the plaintiff's assertion that he loaned the money secured by the note and the mortgage to Victor only was raised in an attorney's affirmation in support of the motion to hold Victor in contempt, and was unsupported by any competent evidence. As the Supreme Court noted, prior to the plaintiff's motion to hold Victor in contempt, the plaintiff inconsistently maintained that he loaned the money secured by the note and the mortgage to the defendant, not Victor, a circumstance of which he should have had knowledge. Therefore, the plaintiff failed to prove by clear and convincing evidence that Victor's alleged violation of the subpoena prejudiced the [*2]plaintiff's rights under CPLR 3101(a)(4) to obtain all information relevant and necessary to establish his claim in the present action. In addition, the plaintiff failed to demonstrate that the witness fee was tendered when the subpoena was served or within a reasonable time before it was returnable. As a result, Victor "may not be punished for disobeying it" (Bobrowsky v Bozzuti, 98 AD2d 700, 702; see Matter of Jaggars v Scholeno, 6 AD3d 1130; Brown v Veterans Transp. Co., 170 AD2d 638, 639). Accordingly, the court providently exercised its discretion in denying the plaintiff's motion to hold Victor in civil contempt.
However, the Supreme Court improvidently exercised its discretion in, sua sponte, precluding any further third-party discovery, with the exception of the bank records, and in directing dismissal of the action with prejudice. The evidence before the court did not demonstrate that the third-party discovery was improper or irrelevant to the action. Additionally, a court's power to dismiss an action, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal (see U.S. Bank N.A. v Gulley, 137 AD3d 1008, 1010; Rienzi v Rienzi, 23 AD3d 450). Here, the court was not presented with any extraordinary circumstances warranting dismissal of the action. Contrary to the court's determination, the doctrine of in pari delicto did not provide a basis upon which to dismiss the action, even if the plaintiff presented conflicting statements regarding the circumstances surrounding the note and the mortgage in sworn affidavits in this action. On this record, the evidence did not demonstrate that the plaintiff was complicit with Victor in the alleged fraudulent transfer of the subject property, and thus was not in pari delicto with the defendant and Victor.
The plaintiff's remaining contentions are without merit.
LASALLE, P.J., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court