Colon v Crespo (2024 NY Slip Op 00062)

Colon v Crespo

2024 NY Slip Op 00062

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-08557
 (Index No. 600321/17)

[*1]Donna L. Colon, plaintiff-appellant, 
v
William Crespo, Jr., respondent; Jessica D. Sparacino, etc., nonparty-appellant.

Sparacino & Sparacino, PLLC, Northport, NY (Jessica D. Sparacino pro se of counsel), for plaintiff-appellant and nonparty-appellant.
Law Office of Dawn L. Hargraves, PLLC, Bay Shore NY, for respondent.

DECISION & ORDER
In an action for the partition of real property, the plaintiff and nonparty Jessica D. Sparacino separately appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated October 28, 2020. The order, insofar as appealed from by the plaintiff, (1) denied those branches of the plaintiff's motion which were to hold the defendant in civil contempt, to impose a sanction upon the defendant, and for an award of attorney's fees, and (2) granted that branch of the defendant's cross-motion which was for an award of attorney's fees to the extent of awarding the defendant the sum of $2,905, payable by the plaintiff and nonparty Jessica D. Sparacino, jointly and severally. The order, insofar as appealed from by nonparty Jessica D. Sparacino, granted those branches of the defendant's cross-motion which were for an award of attorney's fees to the extent of awarding the defendant the sum of $2,905, payable by the plaintiff and nonparty Jessica D. Sparacino, jointly and severally, and to impose a sanction, in effect, upon nonparty Jessica D. Sparacino, and directed her to pay a sanction to the Lawyers' Fund for Client Protection in the sum of $250.
ORDERED that the order is modified, on the facts and as a matter of discretion, by deleting the provisions thereof granting that branch of the defendant's cross-motion which was to impose a sanction, in effect, upon nonparty Jessica D. Sparacino, and directing her to pay a sanction to the Lawyers' Fund for Client Protection in the sum of $250, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendant.
The plaintiff and the defendant jointly obtained a mortgage and purchased certain real property located in Brentwood. In January 2017, the plaintiff commenced this action for the partition of the property. The parties executed a so-ordered stipulation of settlement (hereinafter the stipulation) dated December 18, 2019, in which, among other things, the defendant agreed to refinance the mortgage and to remove the plaintiff's name from the existing mortgage within 90 days of the execution of the stipulation, and the plaintiff agreed to immediately withdraw a notice of pendency filed by her against the property.
On August 18, 2020, the plaintiff moved, inter alia, to hold the defendant in civil contempt, to impose a sanction upon him, and for an award of attorney's fees on the grounds that [*2]he failed to refinance the mortgage and to remove her name from the existing mortgage as required by the stipulation. The defendant cross-moved for an award of attorney's fees and to impose a sanction upon the plaintiff and, in effect, her attorney, nonparty Jessica D. Sparacino, for making a frivolous motion which sought excessive attorney's fees. In the order appealed from, the Supreme Court, among other things, (1) denied the plaintiff's motion, determining that it was both without merit and frivolous in all respects, (2) granted that branch of the defendant's cross-motion which was for an award of attorney's fees to the extent of awarding the defendant the sum of $2,905, payable by the plaintiff and Sparacino, jointly and severally, and (3) granted that branch of the defendant's cross-motion which was to impose a sanction, in effect, against Sparacino, and directed Sparacino to pay a sanction to the Lawyers' Fund for Client Protection in the sum of $250. The plaintiff and Sparacino (hereinafter together the appellants) separately appeal.
Contrary to the plaintiff's contention, the Supreme Court properly denied those branches of her motion which were to hold the defendant in civil contempt, to impose a sanction upon him, and for an award of attorney's fees. "A motion to punish a party for civil contempt is addressed to the sound discretion of the . . . court" (Chambers v Old Stone Hill Rd. Assoc., 66 AD3d 944, 946; see Bongiorno v Di Frisco, 196 AD3d 452, 454). The movant must establish that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the movant was prejudiced by the offending conduct (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; see also Judiciary Law § 753[A][3]). "Prejudice is shown where the party's actions 'were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party'" (Bongiorno v Di Frisco, 196 AD3d at 454-455, quoting Matter of Figueroa-Rolon v Torres, 121 AD3d 684, 685). The moving party bears the burden of establishing contempt by clear and convincing evidence (see El-Dehdan v El-Dehdan, 26 NY3d at 29).
Here, it is undisputed that the defendant did not refinance the mortgage within the 90-day deadline as required by the stipulation. However, in opposition to the plaintiff's motion, the defendant offered proof of his inability to comply due to, among other things, the commencement of the COVID-19 pandemic, and the plaintiff's failure to withdraw the notice of pendency filed against the property, as required by the stipulation. Under these circumstances, including the lack of any demonstrated prejudice to the plaintiff, the Supreme Court properly denied that branch of the plaintiff's motion which was to hold the defendant in civil contempt (see Tedesco v Elio, 211 AD3d 1074, 1077; Pathak v Shukla, 164 AD3d 687, 689; Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 955, 956). Since the plaintiff did not demonstrate that the defendant engaged in contemptuous conduct that caused her to be prejudiced, the court also properly denied those branches of her motion which were to impose a sanction upon the defendant and for an award of attorney's fees based upon the same conduct (see Heffer v Krebs, 196 AD3d 684, 686; Battinelli v Battinelli, 192 AD3d 957, 960; Vujovic v Vujovic, 16 AD3d 490, 491).
Contrary to the appellants' contentions, the Supreme Court did not improvidently exercise its discretion in granting that branch of the defendant's cross-motion which was for an award of attorney's fees. A court has discretion to award reasonable attorney's fees resulting from frivolous conduct (see 22 NYCRR 130-1.1[a]). "[C]onduct is frivolous if . . . (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (id. § 130-1.1[c]).
Here, the Supreme Court did not err in concluding that the plaintiff's motion was frivolously made, as the motion papers failed to disclose that the defendant had partially complied with the stipulation and that the plaintiff had failed to comply with her obligations under the stipulation, namely, to withdraw the notice of pendency, which impeded the defendant's efforts in refinancing the mortgage (see Scialdone v Stepping Stones Assoc., L.P., 148 AD3d at 957). Accordingly, the court providently exercised its discretion in awarding the defendant attorney's fees in relation to his defense of the motion. Moreover, the sum awarded was supported by the record (see Matter of Lillian G. [Steven G.Gary G.], 208 AD3d 871, 875).
Although a court is authorized to impose financial sanctions upon an attorney who engages in frivolous conduct (see 22 NYCRR 130-1.1[a]), we disagree with the Supreme Court that an imposition of a sanction upon Sparacino was warranted here.
The appellants' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court