Matter of Lepper v Village of Babylon (2024 NY Slip Op 04204)

Matter of Lepper v Village of Babylon

2024 NY Slip Op 04204

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-05581
 (Index No. 379/19)

[*1]In the Matter of John Lepper, appellant,
v
Village of Babylon, et al., respondents.

Cory H. Morris, Melville, NY (Victor John Yannacone, Jr., of counsel), for appellant.
Reynolds, Caronia, Gianelli & La Pinta, P.C, Hauppauge, NY (Anthony M. La Pinta and Mark D. Cohen of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the petitioner appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated April 11, 2022. The order denied the petitioner's motion to hold the respondents' counsel in contempt for failure to comply with an amended judgment of the same court dated October 26, 2021, and for leave to reargue and renew that branch of the petition which was for an award of attorney's fees and litigation costs.
ORDERED that the appeal from so much of the order as denied that branch of the petitioner's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The petitioner commenced this proceeding pursuant to CPLR article 78 to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) and for an award of attorney's fees and litigation costs. By judgment dated May 23, 2019, the Supreme Court denied the petition and dismissed the proceeding. On appeal, this Court modified the judgment by deleting the provisions thereof denying certain branches of the petition seeking particular documents, as well as an award of attorney's fees and litigation costs, and remitting the matter to the Supreme Court for a new determination of those branches of the petition, after an in camera inspection of specified documents (see Matter of Lepper v Village of Babylon, 190 AD3d 738). By amended judgment dated October 26, 2021, the court directed the respondents to produce certain unredacted documents, but otherwise denied the remaining branches of the petition, including that seeking an award of attorney's fees and litigation costs.
The petitioner thereafter moved, inter alia, to hold the respondents' counsel in civil contempt, arguing that counsel had failed to produce the unredacted documents pursuant to the amended judgment. The petitioner additionally sought, among other things, leave to renew that branch of the petition which was for an award of attorney's fees and litigation costs. By order dated April 11, 2022, the Supreme Court, inter alia, denied those branches of the petitioner's motion.
"To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the movant is required to prove by clear and convincing evidence that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the order was disobeyed and the party disobeying the order had knowledge of its terms, and that the movant was prejudiced by the offending conduct" (Matter of Marotta v Marotta, 218 AD3d 468, 469; see Colon v Crespo, 223 AD3d 645, 646-647). "Prejudice is shown where the party's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (Colon v Crespo 223 AD3d at 647 [internal quotation marks omitted]; see Matter of Marotta v Marotta, 218 AD3d at 469).
Here, the petitioner failed to meet his burden of establishing contempt by clear and convincing evidence. The petitioner failed to show that any actions on the part of the respondents were calculated to or actually did defeat, impair, impede, or prejudice any of his rights or remedies, including any delay in producing the unredacted documents (see Colon v Crespo, 223 AD3d at 647).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). Here, the petitioner failed to offer new facts or a change in the law that would change the Supreme Court's prior determination denying that branch of the petition which was for an award of attorney's fees and litigation costs. Accordingly, the court properly denied that branch of the petitioner's motion which was for leave to renew (see Andil v Wakefern Food Corp., 221 AD3d 644, 645).
The petitioner's remaining contentions are without merit.
IANNACCI, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court