Fixy 33 LLC v Deutsch (2025 NY Slip Op 51044(U))

[*1]

Fixy 33 LLC v Deutsch

2025 NY Slip Op 51044(U)

Decided on June 26, 2025

Supreme Court, New York County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2025
Supreme Court, New York County

Fixy 33 LLC, Plaintiff,

against
Joseph Y. Deutsch, Defendant.

Index No. 654400/2023

Ashlee Crawford, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 44, 45, 46, 47, 48, 49, 50, 51 were read on this motion to/for DISCOVERY.
The following e-filed documents, listed by NYSCEF document number (Motion 003) 53, 54, 55, 56, 57, 58, 59 were read on this motion to/for DISCOVERY.
The following e-filed documents, listed by NYSCEF document number (Motion 004) 60, 61, 62, 63, 64, 65 were read on this motion to/for DISCOVERY.
Under three separate motion sequences, plaintiff Fixy 33 LLC moves, pursuant to CPLR 2308, to compel non-party Nina Deutsch (seq. 002), defendant Joseph Deutsch (seq. 003), and non-party The Grove Estates Condominiums (seq. 004) to respond to several post-judgment subpoenas. Motion sequences 002, 003, and 004 are consolidated for disposition. 
 Background
In this action to recover on an unpaid promissory note executed by defendant, the Court (Nock, J.) previously granted plaintiff's motion for summary judgment in lieu of a complaint and its application for reasonable attorneys' fees (Fixy 33 LLC v Deutsch, 2024 WL 1310698, *1 [Sup Ct, NY Co, Mar. 22, 2024], affd 237 AD3d 611 [1st Dept 2025]), and after a hearing, fixed plaintiff's attorneys' fees at $75,850.37 (NYSCEF Doc. 29, Jun. 10, 2024 Order). On October 28, 2024, the Clerk of the Court entered judgment against defendant in the total amount of $505,406.19 (NYSCEF Doc. 36, Judgment). 
Shortly thereafter, plaintiff issued several post-judgment subpoenas pursuant to CPLR 5224, seeking information relevant to satisfaction of the judgment. In November 2024, plaintiff served non-party Nina Deutsch (Deutsch), defendant's wife, with an undated subpoena duces tecum, an information subpoena with restraining notice dated October 29, 2024, and a subpoena to take deposition dated October 29, 2024 (NYSCEF Doc. 47, Bouskila Affirm., Ex B at 1-10). That same month, plaintiff served defendant Joseph Deutsch with an undated subpoena duces tecum, an information subpoena with restraining notice dated November 15, 2024, and a [*2]subpoena to take deposition dated November 15, 2024 (NYSCEF Doc. 56, Bouskila Affirm., Ex B at 1-14). Plaintiff also served non-party The Grove Estates Condominiums (Grove Estates) with an undated subpoena duces tecum in December 2024 (NYSCEF Doc. 63, Bouskila Affirm., Ex B at 1-4). Having received no responses, plaintiff sent separate letters reminding defendant, Deutsch and Grove Estates to respond to the subpoenas (NYSCEF Docs. 48, 57, 64).
Plaintiff now moves to compel defendant, Deutsch and Grove Estates to comply with the subpoenas served upon them. The motions are unopposed.

Discussion
"Under New York law, judgment creditors are entitled to broad discretion in aid of judgment enforcement" (U.S. Bank N.A. v APP Intl. Fin. Co., B.V., 100 AD3d 179, 183 [1st Dept 2012]). This "generous standard permits the creditor a broad range of inquiry through either the judgment debtor or any third person with knowledge of the debtor's property" (ICD Group v Israel Foreign Trade Co. [USA], 224 AD2d 293, 294 [1st Dept 1996]). To that end, CPLR 5223 provides:
"At any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena, which shall specify all of the parties to the action, the date of the judgment, the court in which it was entered, the amount of the judgment and the amount then due thereon, and shall state that false swearing or failure to comply with the subpoena is punishable as a contempt of court."
CPLR 5224(a) identifies three types of subpoenas available for post-judgment disclosure: a subpoena requiring attendance at a deposition, a subpoena duces tecum to produce documents, and an information subpoena.

A. The Information Subpoenas
Plaintiff moves to compel defendant and Deutsch to comply with the information subpoenas dated November 15, 2024 and October 29, 2024, respectively. 
CPLR 2308(b) governs the failure to comply with an information subpoena (see CPLR 5224[a][3][iv]) and provides that if a person fails to comply with a non-judicial subpoena, then "the issuer or the person on whose behalf the subpoena was issued may move in the supreme court to compel compliance. If the court finds that the subpoena was authorized, it shall order compliance and may impose costs not exceeding fifty dollars" (CPLR 2308[b][1]).
The information subpoenas served upon defendant and Deutsch each contain the language required by CPLR 5223 and CPLR 5224(3)(i)(NYSCEF Docs. 47 at 6, 56 at 6). However, the affidavits of service fail to establish that service of the information subpoenas had been accompanied by an original and a copy of the subpoena and a prepaid, addressed return envelope (see CPLR 5224[a][3]). Thus, plaintiff has failed to demonstrate its compliance with CPLR 5224(a)(3), and the branches of plaintiff's motions seeking to compel Deutsch and defendant to comply with the information subpoenas served upon them is denied.
B. The Subpoenas Duces Tecum and the Subpoenas to Take Deposition
Plaintiff moves to compel defendant and Deutsch to comply with a subpoena duces tecum and a deposition subpoena, and to compel Grove Estates to comply with a subpoena duces tecum.
Any person other than the judgment debtor "served with a subpoena requiring attendance or the production of books and papers shall be paid or tendered in advance authorized traveling expenses and one day's witness fee" (CPLR 5224[b]; see also CPLR 2303[a]; Richard C. Reilly, [*3]Practice Commentaries, McKinney's Cons Laws of NY, CPLR C5224:2). "Witness fees must be tendered when the subpoena is served or within a reasonable time before it is returnable" (Bobrowsky v Bozzuti, 98 AD2d 700, 702 [2d Dept 1983]).
There is no indication from the face of each subpoena, the affidavits of service or the moving papers that plaintiff ever tendered traveling expenses or a witness fee to Deutsch or Grove Estates in advance [FN1]
(see Kissin v Good, 2009 NY Slip Op 31106[U], *3 [Sup Ct, NY Co 2009] [denying petition for civil contempt where the affidavit of service of the subpoena seeking the respondent's deposition failed to state that the witness fee had been served]). As plaintiff has failed to demonstrate its compliance with CPLR 5224(b), the branches of its motions to compel Deutsch to comply with a subpoena duces tecum and a deposition subpoena and to compel Grove Estates to comply with a subpoena duces tecum is denied.
As to defendant, the failure to comply with a judicial subpoena, such as a post-judgment subpoena issued by an officer of the court, is punishable by contempt (see Cadlerock Joint Venture, L.P. v Patterson, 199 AD3d 557, 557-558 [1st Dept 2021], citing CPLR 2308[a]). Plaintiff, though, is not moving for contempt on this motion and has since moved by separate order to show cause to hold defendant in civil contempt for disobeying the same subpoena duces tecum and deposition subpoena (NYSCEF Doc. 79 [Motion Seq. 005]). Thus, that part of plaintiff's motion seeking to compel defendant to comply with a subpoena duces tecum and a deposition subpoena is denied.
Accordingly, it is
ORDERED that the motion by plaintiff Fixy 33, LLC to compel non-party Nina Deutsch to comply with the post-judgment subpoenas served upon her is DENIED (motion seq. 002); and it is further
ORDERED that the motion by plaintiff Fixy 33, LLC to compel defendant Joseph Deutsch to comply with the post-judgment subpoenas served upon him is DENIED (motion seq. 003); and it is further
ORDERED that the motion by plaintiff Fixy 33, LLC to compel non-party The Grove Estates Condominiums to comply with the subpoena duces tecum served upon it is DENIED (motion seq. 004).
This constitutes the decision and order of the Court.
DATE 6/26/2025
ASHLEE CRAWFORD, J.S.C.

Footnotes

Footnote 1:CPLR 5224 (b) does not require the payment any fee in advance to a judgment debtor, like defendant.